## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CARL A. HUNT,

     Plaintiff,

     v.

META/FACEBOOK,

     Defendant.

Civil Action No. TDC-23-3264

### MEMORANDUM OPINION

Self-represented Plaintiff Carl A. Hunt has filed this civil action against Defendant Meta/Facebook ("Meta"), in which he alleges a negligence claim arising out of Meta's failure to safeguard Hunt's Facebook account from being hacked and used to post inaccurate information. Meta has filed a Motion to Dismiss or, in the Alternative, to Transfer Venue, which is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART.

### BACKGROUND

In the Complaint, Hunt asserts that on two occasions in August and October 2023, "my personal Facebook account was hacked and someone posted a lie that I was moving and that I had trucks, cars and furniture for sale." Compl. at 2, ECF No. 4. He further contends that after the hacks occurred, he was taken "from the dedicated care of my family," and that anonymous hackers began "posting more false misrepresentations from my account on Facebook . . . ." *Id.* at 3. Hunt also states that he is "afraid someone will come to my house and hurt me and my family because I do not have these items to sell on Facebook." *Id.* at 4. Hunt has attached screenshots from his

Facebook account showing that he was purportedly listing items for sale and a letter he sent on September 1, 2023 to Mark Zuckerberg, the Chairman and Chief Executive Officer of Meta, requesting assistance in removing the content posted by the hackers.

On October 23, 2023, Hunt filed this civil action against Meta in the Circuit Court for Prince George's County, Maryland. In the Complaint, liberally construed, Hunt alleges a negligence claim against Meta arising out of Meta's failure to safeguard Hunt's Facebook account. He seeks compensatory damages of $10 million. On December 1, 2023, Meta removed the case to this Court based on diversity jurisdiction.

Meta has promulgated Terms of Service for Facebook ("the Terms of Service"), to which Facebook users are required to agree when they use Meta's products. The Terms of Service contain a forum selection clause stating that "You and Meta each agree that any claim, cause of action, or dispute between us that arises out of or relates to these Terms or your access or use of the Meta Products shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County" in California. Terms of Service at 8, MTD Ex. 1, ECF No. 25-2. The Terms of Service further state that the user agrees to submit to the personal jurisdiction of these courts for purposes of litigating any such claims, and that California law will govern those claims.

## DISCUSSION

In its Motion, Meta seeks dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and also for failure to state a claim pursuant to Rule 12(b)(6). In the alternative, Meta argues that the case should be transferred to the Northern District of California pursuant to the forum selection clause. In his memorandum in opposition to the Motion,

2

Hunt argues that the Court should not transfer this case to the Northern District of California because requiring him to litigate this case in California would cause him personal hardship.

## I.    Personal Jurisdiction

Meta first argues that this case should be dismissed under Rule 12(b)(2) because the Court lacks either general or specific personal jurisdiction over Meta. It is the plaintiff's burden to establish personal jurisdiction. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). To carry that burden at the pleading stage, the plaintiff need only make a *prima facie* showing that a defendant is properly subject to this Court's jurisdiction. *Id.* In evaluating the plaintiff's showing, this Court must accept the plaintiff's allegations as true, and it must draw all reasonable inferences and resolve any factual conflicts in the plaintiff's favor. *Id.* The Court may consider evidence outside the pleadings in resolving a Rule 12(b)(2) motion. *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d. 757, 763-64 (D. Md. 2009).

Although the "question of personal jurisdiction . . . is typically decided in advance of venue," when "there is a sound prudential justification for doing so," then "a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). In *Leroy*, the United States Supreme Court found that prudential considerations militated in favor of deciding the venue question before addressing personal jurisdiction where resolution of the issue of personal jurisdiction "would require the Court to decide a question of constitutional law that it has not heretofore decided." *Id*. at 181.

Relatedly, the Supreme Court has also held that a court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of . . . personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Consistent with this principle, the

United States Court of Appeals for the Fourth Circuit has stated that "there may be instances in which application of a forum selection clause would merely 'deny audience to a case on the merits,' akin to a *forum non conveniens* dismissal," in which case addressing the forum selection clause prior to personal jurisdiction would be proper pursuant to *Sinochem*. *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 208 (4th Cir. 2022) (quoting *Sinochem Int'l Co.*, 549 U.S. at 432) (finding that subject matter jurisdiction should be considered before venue if analyzing the forum selection clause "requires engagement in the merits of the case," such as when the court was required to determine whether the plaintiff's claims were covered by an exception to the forum selection clause).

Here, Meta's argument that the Court lacks personal jurisdiction is not easily resolved and requires application of constitutional law precedent arising under the Due Process Clause of the Fourteenth Amendment of the Constitution to a specific set of facts not addressed by controlling precedent. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). At the same time, consideration of a transfer of venue pursuant to the forum selection clause is a straightforward analysis that does not require consideration of the merits. *See Sinochem Int'l Co.*, 549 U.S. at 432; *Whitaker*, 42 F.4th at 208. Where there is a sound prudential basis to avoid unnecessary constitutional questions, and convenience and judicial economy are advanced by addressing venue first, the Court will first analyze whether a transfer of venue is appropriate.

**II.     Transfer of Venue**

Meta argues that the forum selection clause within the Terms of Service requires that this case be transferred to the Northern District of California. Where Meta has not claimed that venue is improper in Maryland, the Court will analyze Meta's motion to transfer under the change-of-venue statute, 28 U.S.C. § 1404(a). *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist.*

4

*of Texas*, 571 U.S. 49, 60-61 (2013) ("*Atlantic Marine*") (holding that a motion to transfer venue based on a forum selection clause is governed by 28 U.S.C. § 1404). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a) (2018). Ordinarily, to prevail on a motion under § 1404(a), the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Constr. Co., Inc.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002). The Court weighs a number of case-specific factors in making this determination, including: (1) the weight accorded to the plaintiff's choice of forum; (2) witness convenience and access to sources of proof; (3) the convenience of the parties; and (4) the interest of justice. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). In deciding a motion to transfer, a court may consider materials outside the pleadings. *See Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.3d 633, 645 (2d Cir. 1956) (*forum non conveniens*); *Huang v. Napolitano*, 721 F. Supp. 2d 46, 47 n.2 (D.D.C. 2010); *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003).

In *Atlantic Marine*, the Supreme Court instructed that the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine*, 571 U.S. at 63. "First, the plaintiff's choice of forum merits no weight." *Id.* "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules

. . . ." *Id.* "[C]ourts will enforce such clauses 'in all but the most exceptional cases.'" *Whitaker*, 42 F.4th at 209-10 (quoting *Atl. Marine*, 571 U.S. at 63); *see Atl. Marine*, 571 U.S. at 66 ("In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.").

Here, Meta has attached to its Motion the Terms of Service, which include a forum selection clause expressly stating that the parties agree to resolve "any claim, cause of action, or dispute between [the user and Meta] that arises out of or relates to these Terms or your access or use of the Meta Products" in the United States District Court for the Northern District of California or a California state court in San Mateo County. Terms of Service at 8. On their face, the Terms of Service establish that, as a Facebook user, Hunt is bound by the Terms of Service, and his claim is plainly covered by the forum selection clause. Notably, forum selection clauses are presumptively valid and enforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Secure Fin. Serv., Inc. v. Popular Leasing USA, Inc.*, 892 A.2d 571, 576 (Md. 2006). Notably, Hunt has not provided any argument challenging the validity, enforceability, or applicability of the forum selection clause. His only arguments against a transfer of venue are that Maryland should protect the rights of its citizens when harm occurs in Maryland, and that a transfer would cause "immediate hardship" because he is the caretaker to relatives in Maryland who require his assistance. Opp'n at 1-2, ECF No. 29. These arguments, however, invoke issues of the plaintiff's choice of forum, his private interests, and possibly Maryland's choice-of-venue rules which, under *Atlantic Marine*, are not proper considerations on a motion to transfer venue based on a forum selection clause. *Atl. Marine*, 571 U.S. at 63-64. Accordingly, the Court will enforce the forum selection clause and transfer the case to the Northern District of California. Where the Court will grant the Motion as to Meta's

request to transfer the case, it need not and will not address Meta's arguments for dismissal of the Complaint.

Although *Atlantic Marine* forecloses Hunt's argument that the Court should weigh his personal hardship in determining whether transfer is warranted, *Atlantic Marine*, 571 U.S. at 64, the Court notes that such hardship may not necessarily come to pass. As was the case in this District, Hunt may mail his written filings to the Northern District of California, and in that District he may be able to file documents electronically. *See* https://cand.uscourts.gov/pro-se-litigants/. While the Local Rules of the Northern District of California generally require that a self-represented party "must appear personally," N.D. Cal. Local R. 3–9(a), they also provide that a party may request to participate in the initial Case Management Conference by telephone or videoconference by filing and serving such a request "at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge" in that District. *Id.* R. 16–10(a). At that time, Hunt may inquire into the availability of remote appearances for any other hearings that may become necessary.

## CONCLUSION

For the foregoing reasons, Meta's Motion to Dismiss or, in the Alternative, to Transfer Venue, will be GRANTED IN PART and DENIED IN PART in that the case will be transferred to the Northern District of California, and the Motion will be otherwise denied without prejudice to renewal after transfer. A separate Order shall issue.

Date:   March 13, 2024

THEODORE D. CHUANG
United States District Judge