UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>META/FACEBOOK,<br><br>    Defendant. | Case No. 24-cv-01591-SI<br><br>**ORDER DISMISSING CASE WITH PREJUDICE; INFORMING PLAINTIFF OF APPEAL PROCESS** |

On May 7, 2024, the parties in this case—Carl A. Hunt, who is representing himself, and Meta (formerly known as Facebook)—engaged in a judicially supervised settlement conference. The case settled and the confidential settlement terms were placed on the record. Dkt. No. 49.

This month, the undersigned's Courtroom Deputy received two mailings from Mr. Hunt indicating that he regrets entering into the settlement agreement and that he wishes to file an appeal. Due to the confidential nature of the settlement, and out of an abundance of caution, the Court has not filed the letters on the public docket.

**I.   Dismissal With Prejudice**

The Court quotes from the relevant portions of the sealed transcript of the settlement conference proceedings at Dkt. No. 51:

> **The Court:**   . . . I want to tell you what I'm going to do.  I'm going to recite what I understand to be the terms of the settlement into the record.  Then I'll ask whether or not I've accurately described them.  Once that's done, I'll ask each side whether they agree to the terms of the settlement.  Once everybody's agreed to the settlement on the record here today, it is binding today.
>
> Now, it is natural for the parties to try to reduce a settlement

|   |   |
|---|---|
| 1 | to a written document, a settlement agreement of some sort. And that may happen in this case. I think that's a great idea. Sometimes things are clearer in writing than they are on the record. But no matter what happens with that, even if you fail to get a written document, you still have a final and binding deal here today that everybody has to live with and live up to. |

> to a written document, a settlement agreement of some sort. And that may happen in this case. I think that's a great idea. Sometimes things are clearer in writing than they are on the record. But no matter what happens with that, even if you fail to get a written document, you still have a final and binding deal here today that everybody has to live with and live up to.
>
> So I'm going to start by reciting what I understand to be the terms of the settlement -- the final and binding settlement. . . .
>
> [Omitted for confidentiality.]
>
> [T]his case will be dismissed in its entirety with prejudice. Each side will bear their own attorney's fees and costs. . . .
>
> So I think I've got the settlement agreement accurately stated. May I ask counsel for Meta, have I accurately set forth the terms of the settlement?
>
> **Ms. Visser:** Yes, you have.
>
> **The Court:** Mr. Hunt, I'm going to ask you a few questions, if I might. Have I accurately set forth the terms of the settlement?
>
> **Mr. Hunt:** Yes, you have.
>
> **The Court:** And you have - - have you heard and understood the terms of that settlement?
>
> **Mr. Hunt:** Yes, I do.
>
> **The Court:** And do you agree to the terms of the settlement?
>
> **Mr. Hunt:** Yes, I agree.
>
> **The Court:** Thank you.

Dkt. No. 51 at 4:3-20, 5:5-7, 5:15-6:4.

Accordingly, pursuant to the terms of the binding settlement agreement, the Court hereby **DISMISSES** this case in its entirety with prejudice.[1] The Court will issue a judgment separately.

## II.   Appeal

In his recent mailings, Mr. Hunt indicated that he wishes to appeal, and he sent the Courtroom Deputy a "Notice of Appeal" on a California state court form. If Mr. Hunt wishes to

---

[1] Meta's motion to dismiss that was pending at the time of settlement is hereby denied, without prejudice, as moot. *See* Dkt. No. 43. Should this case be revived following appeal, Meta may re-file its motion to dismiss.

2

1  appeal, he must follow the federal procedures for appealing a case.

2  Information regarding the appeal process is described in Chapter 20 of The Court's Pro Se
3  Handbook, available at: https://cand.uscourts.gov/pro-se-litigants/.  Note that the Handbook refers
4  to a $505 filing fee, but the appeals filing fee has increased and is now $605.

5  The correct form to use for filing an appeal is "Notice of Appeal," located on the Court's
6  website at: https://cand.uscourts.gov/pro-se-litigants/legal-help-center-templates-packets/ .  If Mr.
7  Hunt wishes to appeal, he may file the notice of appeal by mailing the signed original document to
8  the Court for filing, as described in Chapter 5 of the Pro Se Handbook.  The address to file
9  documents by mail is:

> Clerk's Office
> United States District Court
> 450 Golden Gate Ave., 16th Floor
> San Francisco, CA 94102

13  Information for litigants who are representing themselves in an appeal is also available from
14  the Ninth Circuit Court of Appeals, at: https://www.ca9.uscourts.gov/forms/pro-se-litigants/.

15  Mr. Hunt may also wish to seek assistance from the Legal Help Center, a free service of the
16  Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org.  At the
17  Legal Help Center, Mr. Hunt may speak with an attorney who may be able to provide free basic
18  legal help, including how to file an appeal.

19  Mr. Hunt should take note of the appeal deadline: under Federal Rule of Appellate Procedure
20  4(a)(1), in a civil case, **the notice of appeal must be filed with the district clerk within 30 days**
21  **after entry of judgment.**

23  **IT IS SO ORDERED**.

24  Dated: August 27, 2024

SUSAN ILLSTON
United States District Judge